**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Ronda Marie HARTLAGE, Respondent.**

No. 2001–SC–0429–KB.

Supreme Court of Kentucky.

Jan. 17, 2002.

## OPINION AND ORDER

Respondent, Ronda Marie Hartlage, of Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1985. The instant action consolidates for our consideration two (2) separate complaints against Respondent—KBA Files 7714 and 7758. In each case, Respondent represented separate plaintiffs in medical malpractice actions which were dismissed for failure to prosecute. The complaints alleged that Respondent failed to notify the clients when the actions were dismissed and that Respondent failed to return phone calls from her clients before and after the actions were dismissed.

On the basis of these complaints, the Inquiry Commission charged Respondent with two (2) violations of SCR 3.130–1.3, which requires attorneys to "act with reasonable diligence and promptness in representing a client,"[1] and two (2) violations of SCR 3.130–1.4(a), which requires attorneys to keep their clients "reasonably informed about the status of a matter and promptly comply with reasonable requests for information."[2]

Respondent, through counsel, filed a Response to both charges admitting the factual allegations in the complaints, explaining that she suffered from a combination of serious illnesses including epilepsy, hypoglycemia, chronic anemia, attention deficit hyperactivity disorder, and profound depression, and alleging that she had not violated the Rules of Professional Conduct.

By Agreed Order dated May 15, 2000, the parties agreed to proceed under SCR 3.210. The Inquiry Commission consolidated the two (2) charges and, in accordance with SCR 3.210, the case was submitted directly to the Board of Governors. The simultaneous briefs were due February 26, 2001, and on that date, Respondent's counsel filed a Motion to Withdraw and to allow Respondent an extension of time to file a brief. By Order entered March 1, 2001, the Motion to Withdraw was granted but the Motion to Extend the time for Filing a Brief was denied. By Order entered March 19, 2001, the portion of the previous Order denying the extension of time was vacated and the Respondent was given through and including April 20, 2001 to file her brief. Respondent filed no brief.

The Board of Governors concluded that Respondent's medical condition did not excuse Respondent from complying with the Rules of Professional Conduct, unanimously found Respondent guilty of all four (4) charges, and voted to suspend Respondent from the practice of law for a period of one (1) year.

Respondent sought, and this Court granted, an extension of time in which to file a notice of review pursuant to SCR 3.370(8), but Respondent never filed such a request. Accordingly, pursuant to SCR 3.370(10), this Court adopts the recommendation of the Board of Governors.

IT IS HEREBY ORDERED:

(1) Respondent, Ronda Marie Hartlage, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of one (1) year. The period of suspension shall commence on the date of entry of this order.

(2) In accordance with SCR 3.450 and SCR 3.480(3), Respondent is ordered to pay all costs associated with these disci-

---

1. SCR 3.130–1.3.

2. SCR 3.130–1.4(a).

plinary proceedings against her, said sum being two hundred forty six dollars and seven cents ($246.07), and for which execution may issue from this Court upon finality of this Opinion and Order.

(3) Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all clients and all courts in which she may have matters pending of her inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

ENTERED: January 17, 2002.

/s/   Joseph E. Lambert
CHIEF JUSTICE